# IN THE TEXAS COURT OF CRIMINAL APPEALS

Ex Parte Charles MARTIN

WR - 55,827-07

TRIAL CT. NO. W11-00037-V(A)

## MOTION FOR LEAVE TO FILE AMENDMENT
### PURSUANT TO FED. Rules of CIVIL P. 15 and 19.

Now comes Applicant, Charles Martin, TDCJ-ID# 1101119, and request Leave of the Court of Criminal Appeals, to file his Amendment AND Response to the STATE's Response And the Court's Findings of Facts, and Conclusions of Law, with supporting Affidavit.

The Petitioner NEVER received response from, the Court appointed writ master Bruce Anton, Attorney At law, Who wAs ordered by the Courts in Dallas County, Texas, to resolve the ineffective Assistance of Counsel claim, December 10, 2014.

DATE: January 5, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 08 2015

Abel Acosta, Clerk

MOTION DISMISSED
DATE: _____
BY: _____

Respectfully submitted

Charles Martin, # 1101119
Pre-Se Applicant.
mr. Charles Martin, #1101119
mcConnell Unit
3001 S. Emily Dr.
Beeville, Tx. 78102

EXPARTE

———

IN THE TEXAS COURT

CHARLES MARTIN

OF CRIMINAL APPEALS

AMENDMENT AND RESPONSE
TO TRIAL COURT FINDINGS OF
FACTS AND CONCLUSIONS OF LAW
AND STATE'S RESPONSE

TO THE HONORABLE JUDGES OF THE COURT:

COMES NOW Applicant, Charles Martin, TDCJ-ID#110119, and files his Amendment, and Response to the Trial Court's Findings of Facts, and states Response to Application for Writ of Habeas Corpus: As follows

## I (AMENDMENT)

In the States Response it is stated on pg. 2, at III, Ex Post Facto Violation: "Both the United States, and Texas Constitutions Prohibit the State from applying an expost facto law: U.S. Const. art. 1 §10 cl. Tex. Const. art 1 §16 : see, Grimes v. State, 807 SW2d 282, 586 (Tex. Crim. App. 1991)."

The applicant contends that his complaint falls not only under the passage of time. Ground II of Petitioner's Memorandum of Law is shown in the expost facto Prohibition Number 4. Where it is stated: "Laws that alter the legal rules of evidence to receive less or different testimony than the Law required at the time of the offense in order to convict." Carmell v. Texas 529 U.S. 513 521 (2000) quoting, Calder v. Bull 3 U.S. 386, 390 (1798)

According to this Court's ruling in Fischer v. State, 252 SW3d 375 (Tex. Crim. App. 2008). It requires more than a uncoroborated police statement, or observance to convict or indict. As stated concerning the original

(pg. 1)

indictment, CASE No. F02-72675, the Applicant was suppedly observed committing said crime, on Westmoreland Rd., on March 14, 1996, against Cheniel Martin. Although, this conviction was through a bench trial which does not require testimony. The hearsay violation and lack of evidence violation had already occurred before the grand jury to indict. The LAW that was used to convict or indict was less or different than the law required at the time of the offense. According to Fischer v. St. (Supra) it should have taken more under the legal rules of evidence. Where this charge is uncoroborated. see: Tex. Rules of Evidence, §§§ 801, 802, 803.

The Reversible error under T.R.A.P. 44.2(b), is expressed because of this this Expost Facto violation, and prohibition number 4. As well as unfair notice. Not only because of the violation under Tex. Code of Crim. Proc., Art. 32.01. As shown through out the applicants exhibits, but also that a indict was obtained without coroborated evidence shows the rules were either altered, and/or testimony was different that what was required on, and at the alleged date of the offense. The Applicant waived this indictment at the request of his ineffective counsel, Mr. Allen Fisburn. but was Never given a copy of the Information, that was used in its stead. Further showing his ineffectiveness. Not to mention the fact that he Never advised the petitioner concerning, his rights to a Direct Appeal.

## II (RESPONSE TO TRIAL COURT'S FINDINGS OF FACTS)

The Applicant avers, that it is correctly shown under "History of the CASE," that the petitioner was convicted in the case at bar on January 19, 2011. However, the accompanying affidavit in support, sworn to as truthful, and signed before a Notary Public by Attorney, Allen Fishburn, states that the trial date was set January 17, 2011. Showing that he either perjured himself to the court, or is even now showing and proving his incompetency as an attorney at law. By swearing to and making false allegations as though they were the true. Even though the record is before him.

He also swears in his affidavit, that it was his trial strategy to have his client sign a plea in this case. But avers he was ready for trial. However, "counsel's failure to interview eyewitnesses to a charged crime constitutes constitutionally deficient representation." See: Richards v. Quarterman, 566 F3d 553 (5th Cir. 2009)

Under, Strickland v. Washington. "Defense counsel should conduct a prompt investigation of the circumstances of the case, and explore all avenues leading to facts relevent to the merits of the case, and the penalty in the event of conviction. The investigation should include efforts to secure information in the possession of the prosecution, and law enforcement authorities. The duty to investigate exist regardless of the accused admissions statement to defense counsel of facts constituting guilt or the accused stated desire to plead guilty." The petitioner has shown by exhibits that his defense counsel Mr. Allen Fishburn, did none of those requirements. Also his desire to fight these charges.

This attorney does'nt even know the apparently correct trial date. Even when it is before him, and stated in the records of the court. "The courts are not required to condone unreasonable decisions. Parading under the umbrella of strategy, or to fabricate Tactical decision on behalf of Counsel when it appears on the face of the record that counsel made no strategic decision at all." see: Richards v. Quarterman (supra)

Also, this Trial Courts Findings of Fact are full of faults and assumptions. For instance under #2, it is stated, "Martin alleges his Trial Attorney rendered ineffective assistance of counsel by inducing him to enter a plea of guilty to a void indictment."

However, the petitioner contends that he never alleged that his attorney induced to enter a plea of guilty. The petitioner clear twice stated in his Memorandum of law that he caved under duress because of the Judge and Asst. D.A. inducing him by ultimatum. His attorney offered no effective assistance

Finding of Facts No. 3 it is stated, "Martin alleges his Trial Attorney rendered ineffective assistance ... by permitting hearsay evidence to be used against him." This is totally misconstued, twisting what was intended. The petitioner is contending that the charges and indictment itself was granted through hearsay testimony. Apparently, because there is no coroborating evidence. see: Fisher v. State (supra) as shown in Ground II of the petitioner Memorandum of Law and Application 11.07.

Findings No 6, "All of Martins assumptions or claims are based on statute of limitation had run on the charges before he was indicted. (myitalics)

(pg.3)

The petitioner has done his best in this Amendment and Response to clarify and clear up what the petitioners assumptions are by reiterating the 4th prohibit. of the ExPost Facto Clause, in Ground II of the Application 11.07 and Memorandum of Law.

It is also stated under Findings No. 6, "Applicant does not dispute the legislature Amended the applicable statute of limitations before his 2011 prosecution for the 1989 offenses ever became barred, and that there is currently no statute of limitations for indecency with a child and sexual assault of a child."

The petitioner contends the facts are all wrong. I was NEVER in my life convicted for a crime, or offense committed in 1989. If they changed the date in the Information to an alleged commission date of 1989. Then be it known to this court of criminal appeals. That in 1989 Cheniel Martin, was a resident of Marion, Indiana. Her Mother, Gloria Martin's home state. It is accurately shown however the correct changes under Art. 12 statute of limitations, according to the 2014 Texas Code of Crim. Proc.. in the States Response, show correctly the 10yr statute, that starts that start on 18th Birthday.

## PRAYER

The Applicant prays therefore, that this case be dismissed and that he be acquitted of these allegations from the Dallas court in this case. However, in the event of remand the petitioner prays for a change of venue. So that the Threats made by Judge, Mitchell of 292ND District Court cannot be carried out against the Applicant.

SO MOVED AND PRAYED FOR

Date: January 5, 2015

Signed: Charles Martin, #1101119
Pro-Se
Mr. Charles Martin, # 1101119
McConnell Unit
3001 S. Emily Dr
Beeville, Tx. 78102

# UNSWORN DECLARATION

I, Charles Martin, #1101119, being currently housed at the TDCJ-McConnell Unit, in Beeville, Tx. do swear under the penalty of perjury, that his Amendment, and Response is true and correct.

Date: January 5, 2015          Signed: Charles Martin, #1101119

# CERTIFICATE OF SERVICE

I, Charles Martin, #1101119, hereby certify that he has placed a true copy of this his Amendment and Response to his Application 11.07, concerning the States Response, and the Trial Courts Finding of Facts, with supporting Affidavit, in the U.S. Mail, first class postage prepaid to: Clerk, Texas Court of Criminal Appeals, P.O. Box 12308, Austin, Texas 78711, and To: Gary Fitzsimmons, District Clerk, Frank Crowley Courts Building, 133 N. Riverfront LB 12, Dallas, Texas 75207-4313.

Date: January 5, 2015          Signed: Charles Martin, #1101119